UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS, | No. 2:19-cv-02295-CKD P |
| Plaintiff, | |
| v. | AMENDED DISCOVERY AND SCHEDULING ORDER |
| A. SHEARER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion to be allowed more than 25 admissions as well as defendant's motion for a 45-day extension of time to respond to plaintiff's discovery requests. ECF Nos. 34, 37. Defendants filed a partial opposition to plaintiff's motion on January 29, 2021. ECF No. 35. For the reasons outlined below, the court will grant the motions and modify the previously issued discovery and scheduling order governing this case.

**I.     Factual and Procedural History**

This case is proceeding on plaintiff's complaint alleging an Eighth Amendment excessive force claim against defendants Shearer, Sharp, and Deitchman who were employed at California State Prison-Sacramento. ECF Nos. 1 (complaint), 13 (screening order). After this case did not settle, the court issued a Discovery and Scheduling Order on January 11, 2021. ECF No. 33.

On January 18, 2021, plaintiff filed a motion to be allowed to submit more than 25 requests for admission to each defendant. ECF No. 34. Plaintiff indicates that he does not have sufficient funds to depose each defendant so he needs additional admissions "to properly build his case…." ECF No. 34 at 1. Defendants filed a partial opposition to the motion pointing out that neither Rule 36 of the Federal Rules of Civil Procedure nor the court's Discovery and Scheduling Order limit the number of requests for admissions that plaintiff may propound. ECF No. 35 at 1. Therefore, defendants do not oppose plaintiff's requested relief. However, defendants reserve the ability to object to the requests for admissions "on the grounds of undue burden, disproportionality, or on other grounds." Id. at 2.

In a separately filed motion, defendants request a 45-day extension of time to respond to plaintiff's discovery requests. ECF No. 37. Plaintiff served 11 sets of discovery requests on defendants between January 18, 2021 and February 7, 2021. ECF No. 37 at 3. The deadline for responding to each set ranges from March 8, 2021 to March 29, 2021. Id. at 3-4. Due to logistical problems associated with working from home during the COVID-19 pandemic as well as defense counsel's other work-related responsibilities, defendants seek an additional 45 days to file their responses to these discovery requests. Id. at 5-6. Defendants do not seek to modify the discovery cut-off deadline of May 10, 2021 even though some of their responses would be filed after this date if the extension is granted. Id.

**II.     Legal Standards**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

**III.    Analysis**

Based on lack of opposition thereto, the court will grant plaintiff's motion to propound more than 25 requests for admissions. Defendants have demonstrated good cause for extending

their deadline to respond to plaintiff's discovery requests. However, in light of the ruling on defendants' motion, the court finds it necessary to modify the discovery and scheduling order in this case. The court will sua sponte extend the discovery cut-off deadline to June 24, 2021. Any motions necessary to compel discovery shall be filed by that date. The pretrial motions deadline will also be extended by 45 days to September 23, 2021.

### IV.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is granting your motion to be allowed more than 25 requests for admissions as well as defendant's motion for a 45-day extension of time to respond to your discovery requests. As a result, the deadlines governing this case are being extended by 45 days. The discovery cut-off date is extended to June 24, 2021 and the pretrial motions deadline is moved to September 23, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to be allowed more than 25 admissions (ECF No. 34) is granted.
2. Defendants' motion for a 45-day extension of time to respond to plaintiff's discovery requests (ECF No. 37) is granted.
3. The court sua sponte amends the previously issued Discovery and Scheduling Order by extending the discovery cut-off date to June 24, 2021. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.
4. All pretrial motions, except motions to compel discovery, shall be filed on or before September 23, 2021.

/////
/////
/////
/////

5. All other provisions of the court's January 11, 2021 Discovery and Scheduling Order remain in effect.

Dated: March 8, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hawk2295.amendedDSO.docx