UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS, | No. 2:19-cv-02295-CKD P |
| Plaintiff, | |
| v. | ORDER |
| A. SHEARER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's eight separate motions to compel discovery responses from defendants. ECF Nos. 42-48, 51. Plaintiff has also filed a motion for an extension of time to reserve his first set of requests for admissions on defendant Sharp. ECF No. 39. Defendants have filed an opposition to the pending motions. ECF Nos. 49, 53-54, 57. For the reasons explained below, the court will deny plaintiff's motions and reset the dispositive motions deadline governing this case.

This case is proceeding on plaintiff's complaint alleging an Eighth Amendment excessive force claim against defendants Shearer, Sharp, and Deitchman. See ECF No. 13 (screening order). A discovery and scheduling order was issued on January 11, 2021 and modified by order of March 8, 2021. ECF Nos. 33, 38. The court extended the discovery cut-off date to June 24, 2021, by which time all motions necessary to compel discovery were required to be filed. See

1

ECF No. 38. Discovery is currently closed in this action.

## I. Plaintiff's Motions to Compel

### A. Interrogatories

In his motions to compel further responses to his interrogatories to each defendant, plaintiff challenges the objections made to his requests concerning all disciplinary actions, inmates appeals, and citizen complaints made against them. ECF Nos. 42-44. Plaintiff does not explain how any of defendants' objections are not justified, especially considering that the interrogatories include the entire time in which defendants have been employed as correctional officers. Plaintiff simply complains that defendants did not respond to these interrogatories after objecting to them.

### B. Requests for Production of Documents

In separate motions to compel further responses to his requests for production of documents to each defendant, plaintiff challenges defendants' failure to produce photos and measurements of various items and/or locations. ECF Nos. 45-48.[1] Plaintiff also challenges defendants' objections to his requests for the identifying information of individuals who filed 602 appeals, civil suits, personnel reprimands, and citizen complaints against defendants. For the first time, plaintiff attempts to demonstrate why defendants' responses are inadequate and why the documents requested are discoverable, although he does so in a general and conclusory fashion rather than by addressing each of defendants' specific objections. Plaintiff contends that the documents requested are "relevant to [the] past or present mistreatment of inmates" by defendants. ECF No. 45 at 4. In his motion to compel defendant Shearer to respond to plaintiff's second set of requests for production of documents, plaintiff asserts that video surveillance footage of the sexual assault of another inmate is relevant to demonstrate defendant's "proof of motive, opportunity, intent, preparation, plan, knowledge[,] identify, or absence of mistakes or accidents…." ECF No. 48 at 6.

---

[1] The court notes that plaintiff's Exhibit A attached to his motion for an order compelling discovery against defendant R. Sharp is missing the even numbered pages. See ECF No. 47 at 8-14. The court assumes, without deciding, that this is due to problems related to prison photocopying services for which plaintiff is not at fault.

### C. Request for Admissions

In a separate motion, plaintiff requests an extension of time to reserve a complete set of his requests for admissions to defendant Sharp because several pages of the original set were missing. ECF No. 39. Although plaintiff indicates that a full and complete set was originally served on defendant Sharp, the response indicates that the "First Set of Requests for Admissions to Defendant Sharp skips from Request No. 7 to Request No. 23." ECF No. 39 at 14, n. 1. In a subsequently filed motion to compel, plaintiff attached a complete set of the Requests for Admissions. See ECF No. 51 at 7-12. The court notes that the missing requests seek admissions, inter alia, that defendant Sharp used excessive force against plaintiff, that he heard plaintiff state "I got you," and, that he wrote a narrative report concerning the events at issue in the present case. See ECF No. 51 at 9-11.

Defendants' oppositions to these motions to compel emphasize that plaintiff failed to meet and confer prior to seeking court intervention in the discovery disputes. See ECF Nos. 49, 53-54, 57. Additionally, defendants assert that plaintiff failed to specify why their objections are not justified and how his requested discovery is relevant to the excessive force claims at issue in the present case.

In lieu of filing a reply to any of defendants' oppositions to his motions to compel, plaintiff filed a request for a settlement conference. ECF No. 59. However, a review of the docket in this case indicates that a settlement conference was held on January 7, 2021 and that the case did not settle. ECF No. 32. Neither the procedural posture of this case nor plaintiff's request provide any indication that this case is capable of settlement at this juncture. Therefore, the court will deny plaintiff's request to schedule a second settlement conference in this matter.

### II.   Legal Standards

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit." Fed. R. Civ. P. 26(b)(1). Such discoverable information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).

### III. Analysis

Here, the court will deny plaintiff's motions to compel. First and foremost, plaintiff failed to meet and confer with defendants concerning the discovery disputes before he filed his numerous motions to compel. See ECF No. 33 at 5 (requiring the parties to comply with Rule 37 of the Federal Rules of Civil Procedure "[i]f disputes arise about the parties' obligations to respond to requests for discovery…."). Even when defense counsel reached out in an effort to meet and confer, plaintiff refused to narrow or otherwise modify the scope of the discovery that he was seeking. See ECF No. 54-1 at 2 (Declaration of Andrew Whisnand). Secondly, plaintiff has not met his burden of demonstrating how the requested discovery is relevant to his claims against defendants or how each of their objections is not justified. As noted above, in a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams, 2011 WL 6217378 at *1 ("Plaintiff bears the burden of informing the Court ... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D.Cal. Mar.27, 2008). Defendants' past or present mistreatment of other inmates is not relevant in determining whether they used excessive force against plaintiff on March 18, 2019, especially considering that plaintiff's complaint does not involve a sexual

assault. For these reasons, plaintiff's motions to compel will be denied.

With respect to plaintiff's motion for an extension of time to reserve his requests for admissions to defendant Sharp, the court will deny the motion. In doing so, the court first notes that the requests for admissions concerning the contents of defendant Sharp's incident report are duplicative of the report itself. Fed. R. Civ. P. 26(b)(2)(C). The remaining requests for admissions were covered in additional discovery requests to defendant Sharp and were also the subject of plaintiff's other motions to compel. See ECF Nos. 43, 47. Because the court has denied those motions to compel, the court finds that plaintiff has not demonstrated the relevance of the additional missing requests for admissions. See Fed. R. Civ. P. 26(b)(2)(C)(iii). For all these reasons, the court will deny plaintiff's motion for an extension of time to reserve the requests for admissions on defendant Sharp.

While these motions to compel were pending, the dispositive motions deadline, set by order of March 8, 2021, passed. In light of this ruling, the court will further amend the discovery and scheduling order by extending the pretrial motions deadline governing this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to reserve the Request for Admissions, Set One on defendant Sharp (ECF No. 39) is denied.
2. Plaintiff's motions to compel (ECF Nos. 42-48, 51) are denied for the reasons stated herein.
3. The court sua sponte amends the discovery and scheduling order in this case by extending the pretrial motions deadline to February 22, 2022.
4. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

Dated: November 19, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hawk2295.m2compel.docx