UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS, | No. 2:19-cv-02295-CKD |
| Plaintiff, | |
| v. | ORDER |
| A. SHEARER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on March 27-30, 2023, on plaintiff's Eighth Amendment excessive force claims against defendants Shearer, Sharp, and Deitchman. The court issued an Amended Pretrial Order[1] on January 26, 2023 setting deadlines, inter alia, for the exchange of the parties' trial exhibits. ECF No. 80. The parties were granted 14 days to file any objections to this PTO. ECF No. 80 at 12. On February 9, 2023, defendants filed objections limited to issues related to the trial exhibits. ECF No. 82.

**I.     Defendants' Objections**

In their objections, defendants indicate that they did not receive any of plaintiff's exhibits which he identified in his Pretrial Statement and which were incorporated by the court into the

---

[1] Hereinafter referred to as "PTO."

1

1 PTO. As a result, defendants object to "any exhibit offered by plaintiff that was not timely
2 served… with the exception of defendants' exhibits identified in the Amended Pretrial Order as
3 Exhibit B, D-G, and N. Defendants also withdraw their exhibits identified in the Amended PTO
4 as Exhibit F and L to the extent that plaintiff identified these same exhibits in his pretrial
5 statement.

**II.     Analysis**

After reviewing the record and defendants' objections to the PTO, the court grants the objections to plaintiff's exhibits based on his failure to timely exchange them with defendants and based on their lack of relevance. To the extent that plaintiff seeks to introduce an exhibit of CSP-Sac Operational Procedure 054 concerning the escort of inmates housed in STRH, the violation of a prison regulation is not sufficient to establish an Eighth Amendment violation. See Armstrong v. Hicks, No. 1:13-cv-01878-AWI-MJS (PC), 2013 WL 6840410 at *5 (E.D. Cal. Dec. 27, 2013) (explaining that prison regulations do not create an implied private cause of action); Vasquez v. Tate, No. 1:10-cv-01876-JLT (PC), 2012 WL 6738167 at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp.2d 1196, 1211 (S.D. Cal. 2012). Additionally, plaintiff's designation of the entirety of Title 15 of the California Code of Regulations as a trial exhibit is overly time consuming and irrelevant for the same reason as the CSP-Sac Operational Procedure. Id. For these reasons, the court grants defendants' objections to plaintiff's exhibits referenced in the PTO. Defendants are permitted to withdraw Exhibits F and L and shall renumber their trial exhibits accordingly.

This order does not limit the introduction of exhibits for the purpose of rebutting evidence which could not have been reasonably anticipated or for the purpose of impeaching a witness as provided in the Federal Rules of Evidence. See ECF No. 80 at 7:24-8:8 (Amended Pretrial Order).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' objections to the Amended Pretrial Order are granted as explained herein.
2. The parties' trial exhibits identified in the Amended Pretrial Order shall be modified as explained herein. Defendants shall renumber their trial exhibits using letters to

conform to this order.

3. No other exhibits may be admitted at trial unless the parties stipulate or upon a showing that this order should be modified to prevent a manifest injustice. <u>See</u> Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

Dated: February 21, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hawk2295.amd.pto.obj