UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. SHEARER, et al.,<br><br>    Defendants. | No. 2:19-cv-02295-CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge. On March 27, 2023 a jury trial commenced in this excessive force case. The court granted the Rule 50 motion for judgment as a matter of law as to defendants Sharp and Deitchman because there was no evidence upon which a reasonable jury could have found in favor of plaintiff. See ECF No. 100 (minutes); see also Fed. R. Civ. P. 50(a). On March 29, 2023, a jury returned a verdict in favor of the only remaining defendant. ECF No. 107. The Clerk of Court entered judgment on April 7, 2023. ECF No. 110.

On April 6, 2023, plaintiff constructively filed his notice of appeal.[1] ECF No. 111. Currently pending before the court is plaintiff's motion for trial transcripts at government expense

---

[1] The filing date was calculated using the prison mailbox rule. Houston v. Lack, 487 U.S. 266 (1988).

1

pursuant to 28 U.S.C. § 753(f).  ECF No. 119.

The request for transcripts at public expense is governed by two separate statutes:  28 U.S.C. § 753(f) and 28 U.S.C. § 1915(c).  Pursuant to 28 U.S.C. § 1915(c), there are limited circumstances under which this court can direct the government's payment of transcripts for a litigant proceeding in forma pauperis.  Section 1915(c) provides that "the court may direct payment by the United States of the expenses of… printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title."  In this case, the Ninth Circuit Court of Appeal has not informed this court that printing of the record on appeal is required in this action.

Secondly, pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  A claim is frivolous if the plaintiff can make no rational argument in law or facts to support his claim for relief.  See Pembrook v. Wilson, 370 F.2d 37, 39 (9th Cir. 1966). A substantial question is defined as a legal issue that is "reasonably debatable."  See Randle v. Franklin, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. January 23, 2012).

In his motion, plaintiff does not identify his basis for appeal or explain why the transcripts are necessary to adjudicate his claims on appeal.  Specifically, plaintiff does not point to any evidentiary or legal basis that suggests that the court erred in granting a Rule 50 motion for two of the defendants.  As to the remaining defendant, the trial boiled down to a credibility contest between plaintiff and defendant Shearer.  The jury resolved the question of credibility against plaintiff which was reflected in their verdict.  Plaintiff does not provide any basis suggesting that this credibility determination was erroneous.  Moreover, the court cannot order the payment of transcripts at government expense merely to allow a plaintiff to search for grounds for relief on appeal.  See Thompson v. Housewright, 741 F.2d 213, 215 (8th Cir.1984); Randle v. Franklin, 2012 WL 201757, at * 1 (E.D. Cal. 2012).  Absent any identifiable question on appeal, plaintiff's request does not fall under any of the circumstances enumerated in 28 U.S.C. § 753(f).

/////

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to obtain transcripts at
2  government expense (ECF No. 119) is denied.
3  Dated: May 23, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11  12/hawk2295.tr.transcripts